JETER & FORBES, plaintiffs in error, vs. HAVILAND, KEESE & Co., defendants in error.

[1.] An attorney at law has no authority as such to receive in payment of, or as collateral security for a debt placed in his hands for collection, notes on third persons. The client may ratify the act, or the authority may be proven by the usual course of dealings between the attorney and client.

[2.] When there is an irreconcilable conflict in the testimony of witnesses of equal character and respectability, superior credit is to be given to those who have the best opportunity of knowing the facts.

[3.] In such cases, if one of two witnesses had an interest in noting and remembering the facts, and the other had no such interest, the witness is most likely to remember whose interest it is to remember.

Assumpsit, from Marion county. Tried before Judge WORRILL, September Term, 1857.

An action was brought by James C. Haviland and others, carrying on business under the style of Haviland, Keese & Co., against Henry M. Jeter and William H. Forbes, upon a promissory note for $1,260 20 and interest. To this action the defendant Jeter pleaded payment; that by way of payment he had turned over and delivered to Messrs. Williams & Oliver, the attorneys of the plaintiffs, notes on third persons to the amount of $1,200, which the plaintiffs, by their attorneys, received and accepted as a payment on the note, and that Williams & Oliver had collected on said notes $1,200.

Defendants' counsel proposed to read in evidence a receipt made by Williams & Oliver, containing a list of the notes which had been handed to them, and signed

"Received of H. M. Jeter, the above described notes for collection.

WILLIAMS & OLIVER."

Plaintiffs' counsel objected to the reading of this receipt in evidence, unless the defendants first proved that the plaintiffs themselves had agreed to have the amount of the notes which had been turned over to Williams & Oliver when collected, applied in payment of the note sued on; and the Court refused to allow the receipt to be given in evidence to the jury, and to this refusal the defendant excepted.

Defendant then introduced the testimony of *Jack Brown*, taken by interrogatories, which was to the following purport: That in January, 1853, Jeter turned over notes to the amount of several thousand dollars to Williams & Oliver, for the purpose of liquidating claims of about the same amount against the firm of Jeter & Forbes; witness thought the note held by Williams & Oliver against Jeter & Forbes belonged to Haviland, Keese & Co., the plaintiffs in the action; witness does not know at whose instance the notes were turned over, and does not know whether the plaintiffs agreed to take them

in part payment of the note sued on ; witness only knows what occurred between Williams & Oliver, (the attorneys of the plaintiffs,) and one of the defendants, Dr. Jeter, which was, that when the collaterals were collected, the money was to go in part payment of the notes against Dr. Jeter and Jeter & Forbes belonging to Haviland, Keese & Co. The notes turned over by Jeter lacked two or three hundred dollars of being equal to the amount of the notes held by Williams & Oliver against Dr. Jeter and Jeter & Forbes.

In answer to cross interrogatories, the witness stated that Dr. Jeter turned over the notes as collaterals, to be applied to the payment of notes belonging to the plaintiffs, against the defendants.

Defendants' counsel also proposed to prove by the evidence of *H. K. Lamb.* that he had heard a conversation between Dr. Jeter and Oliver, in which the receipt and list of notes were exhibited, and that Oliver admitted that all the notes contained in that list, except notes to the amount of $394 13, had been collected, and that some of these latter could have been collected by proper diligence.

Defendants then introduced as a witness, *Thadeus Oliver*, one of the plaintiffs' attorneys, who proved that Mr. Stephenson, the clerk or agent of the plaintiffs, with whom witness had frequently had business, agreed and consented that these notes should be received, and when collected, applied to the payment of notes against Dr. Jeter and Jeter & Forbes. Witness (on cross examination) also stated that the firm of Williams & Oliver had in their hand several thousand dollars in notes of plaintiffs on Jeter and Jeter & Forbes, and that Jeter turned over to Williams & Oliver a considerable amount in notes as collaterals, and that at the time the receipt was given, the notes were turned over, not for the purpose when collected, of paying the note sued on, but to go in payment of the notes against Dr. Jeter individually, and if any thing was left it would go in part liquidation of the note sued on. That several of the notes turned out to be insolvent and

Jeter & Forbes vs. Haviland, Keese & Co.

could not be collected, and that the amount collected was not more than sufficient to take up the individual notes of Dr. Jeter, and nothing was left to go in payment of the note sued on. That when the notes were turned over Jeter begged for time, and did not want to be sued; and on Jeter's promise to pay it before long, he (witness) let a Court pass, and that the note was sued on before he would have had time to collect the collaterals.

The Court, upon this testimony, allowed the defendants to read the receipt in evidence.

The Court charged the jury, among other things, that the counsel on both sides had agreed that there was a conflict in the testimony of the witnesses, and he left it to the jury to determine whether there was a conflict in the testimony; and if there was an apparent conflict, it was the duty of the jury, if they could, to reconcile it so that all the testimony could stand. But if they found that there was an irreconcilable conflict, then there were certain rules of law to guide them in determining to which witness they should give the most credit. One rule was, that the witness who had the best opportunity of knowing the facts was to be believed in preference to one whose opportunities were not so good. Another rule was, that the witness who had the most interest in noticing and remembering the facts, was to be believed in preference to the one that had no interest in taking notice of the facts. When the witnesses were of equal intelligence and veracity, these rules would be observed in determining which was entitled to the most credit. Another rule was, that when one witness spoke positively to the facts, and the other not positively, but from belief, the one who testified positively was to have the preference over him who spoke not positively but from belief. Another rule was, that the witness who was corroborated by other circumstances was to be believed in preference to one who was not corroborated.

The last two charges were given at the request of defendants.

The jury found for the plaintiffs.

The defendants excepted, alleging error in the several rulings, decisions, and charges aforesaid.

INGRAM, for plaintiff in error.

BLANDFORD & CRAWFORD, *contra.*

*By the Court.*—McDONALD, J. delivering the opinion

All the testimony which the defendants offered was read to the jury, and the error assigned is, that a part of it was rejected when first offered.

[1.] The receipt of Williams & Oliver was given to H. M. Jeter, for notes for collection. They were Jeter's attorneys as to the notes received. When they should collect the money they were, from the face of the receipt, responsible to Jeter for it, and had no right to appropriate it to the payment of his or any other person's debts, without his authority. They were, at the same time, attorneys for Haviland, Keese & Co., and, as their attorneys, held the note sued on, against Jeter & Forbes, and others against Jeter and Jeter & Forbes, for collection. One of the plaintiffs in error pleaded that he had turned over to attorneys for defendants in error, notes on third persons, to the amount of twelve hundred dollars, as a payment on the note sued on, to be *applied as a payment* when collected, and it is averred that the notes were collected. A receipt given to H. M. Jeter by Williams & Oliver, for certain notes for collection, was tendered in evidence, without proof of authority from the defendants in error to their attorneys, to receive them in payment or as collateral security. The Court rejected the receipt, and his decision is excepted to.

An attorney at law has no authority, as such, to take promissory notes in payment of a debt in his hands for collection, or even receive them as collateral security. Like any other agent, he takes them on his own responsibility, and unless his client ratifies the act, he is not bound. The course of

dealing between the attorney and client, in which such things have been allowed, may be evidence of authority. In the absence of proof of authority of any sort, the Court properly rejected the receipt when first offered. Afterwards, when proof was offered which the presiding Judge considered sufficient, the receipt was read in evidence to the jury.

[2–3.] The charge given to the jury at the request of the defendant in the Court below, cannot be excepted to by him, and the rules laid down by the presiding Judge, as to the comparative credit due to witnesses when there is an irreconcilable conflict in their testimony, is supported by law and common sense.

There are other circumstances that might have been added by the Court, as to the strength of the memory of the witnesses, and the absence of interest in the result of the cause on the trial of which the evidence is given. But as it does not appear that those rules applied in this case, it was perhaps best not to advert to them.

Judgment affirmed.